UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT DEAN DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:05-cv-707-SEB-VSS |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Robert Dean Davis ("Davis") for a writ of habeas corpus must be **denied.**

**I. Background**

Davis is serving the executed portion of sentences imposed following his convictions for four counts of altering an original or special identification number, one count of corrupt business practices, and twelve counts of receiving stolen auto parts. Davis now seeks a writ of habeas corpus, to which he is entitled if he demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

The Indiana Court of Appeals recounted the facts of this case in Davis' direct appeal:

> On September 26, 1996, Clay County Deputy Sheriff Michael Heaton (Deputy Heaton) was dispatched to Davis' residence in Knightsville, Indiana to investigate a complaint of battery against Jennifer Stockram (Stockram), Davis' girlfriend. Deputy Heaton found Stockram at a neighbor's house across the street. Stockram told Deputy Heaton that Davis had hit her because he was upset that the police had been to their residence the night before to investigate a domestic disturbance between her and Davis. Stockram also told Deputy Heaton that Davis had told her that they needed "to get out of there" because he had stolen vehicles on his property. (R. 150). Deputy Heaton called an ambulance because Stockram's face was swollen; and she was having difficulty standing and walking. Before she left, Stockram wanted to get some of her personal belongings from her and Davis' trailer. Deputy Heaton drove Stockram across the street to the trailer. Stockram told Deputy Heaton that Davis had left the area. However, Deputy Heaton wanted

> to verify that Davis was not in the trailer. Therefore, Deputy Heaton walked Stockram to the door and stood on the porch. When Stockram opened the door, Deputy Heaton saw two motorcycles in the kitchen of the trailer. Deputy Heaton noticed that one of the motorcycles, a blue Harley Davidson, matched the description of a motorcycle that was reported stolen from Terre Haute, Indiana. In April 1996, the Terre Haute Police Department informed the Clay County Sheriff's Department that a blue Harley Davidson motorcycle was reported stolen and that Davis was a suspect. Based on this information, Deputy Heaton filed a Search Warrant Affidavit of Probable Cause. Deputy Heaton requested that Davis' residence and outbuildings be searched and a motorcycle and stolen vehicles be seized. Deputy Heaton articulated the previously mentioned factors in his Search Warrant Affidavit of Probable Cause. The court issued a search warrant on Davis' property in Knightsville. The police found nine vehicles on Davis' property that they were able to determine had been stolen, as well as an engine from a pickup truck that had been stolen.
>
> Subsequently, the police obtained and executed three more search warrants. The police recovered criminal evidence from the second and third search warrants that were executed. However, no criminal evidence was obtained from the execution of the fourth search warrant.

*Davis v. State,* No. 32A04-004-CR-153 (Ind.Ct.App. October 24, 2000) (*Davis I*), at pp1-2. The trial court's subsequent denial of Davis' petition for post-conviction relief was affirmed on appeal in *Davis v. State,* 819 N.E.2d 863 (Ind.Ct.App. 2004) (*Davis II*).

## II.  Applicable Law

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, ("AEDPA"), if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2002); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 125 S. Ct. 1432, 1438-39 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

2

In addition to the substantive standard set out above, "[i]t is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 118 S. Ct. 1352, 1355 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). A petitioner's failure to use available state procedures will result in a procedural default preventing review of the petitioner's claims by the federal courts. *Boerckel v. O'Sullivan,* 135 F.3d 1194, 1196 (7th Cir. 1998). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 648 (internal citations omitted).

### III.  Discussion

The claims asserted by Davis in his habeas petition are that (1) he was denied the effective assistance of counsel at trial, (2) he was denied the effective assistance of counsel in his direct appeal, (3) the prosecutor made improper comments during the trial, (4) there was a double jeopardy violation with respect to his convictions for counts 14 and 15, (5) his conviction was obtained through the use of evidence which had been improperly seized, (6) his sentences were unconstitutionally enhanced, (7) the State's seizure of his personal property and his prosecution violate the constitutional prohibition against double jeopardy, and (8) there was insufficient evidence to support his convictions.[1]

The contentions regarding the effective assistance of counsel were considered in *Davis II,* wherein the controlling two-pronged test outlined in *Strickland v. Washington,* 466 U.S. 668 (1984), was recognized. The deficiency of counsel argued in *Davis II* was that Davis' attorney had failed to oppose the criminal prosecution on the basis that an earlier civil forfeiture action had been brought against Davis and that this amounted to double jeopardy. The Indiana Court of Appeals reviewed the circumstances and nature of the forfeiture action and concluded, wholly consistent with *United States v. Ursery,* 518 U.S. 267 (1996), and *Hudson v. United States,* 522 U.S. 93 (1997), that the Indiana forfeiture statute was intended by the legislature to be civil in nature and that Davis failed to present the "clearest proof" that Indiana's forfeiture statute is so punitive in form and effect as to render it criminal in these circumstances. *Davis II,* 819 N.E.2d at 870. "Accordingly, Davis' trial counsel cannot be deemed ineffective for failing to raise a double jeopardy issue at trial," *id.,* and it also followed that "appellate counsel was not ineffective for failing to raise issue on direct appeal." *Id.* This explanation shows that there is no reasonable probability that, but for counsel's asserted error in not objecting to the prosecution of Davis following the forfeiture proceeding, the result of Davis' trial would have been different. Accordingly, Davis suffered no prejudice in the sense required by *Strickland.*

---

[1]Davis' request to withdraw his sixth claim, that being that his sentences were unconstitutionally enhanced, is **granted.** His request that claims found to be procedurally defaulted be withdrawn is **denied.**

Davis' challenge to the validity of the search warrants is a Fourth Amendment claim which is not cognizable as a federal habeas claim "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465 (1976). *Stone's* rationale is based on the minimal police deterrence effect that would result from applying the exclusionary rule to habeas proceedings. *See Hampton v. Wyant,* 296 F.3d 560, 562-64 (7th Cir. 2002). An accused receives a "full and fair opportunity" to litigate his claim if: (1) he has clearly informed the state court of the factual basis for his claim and has argued that those facts constitute a violation of his Fourth Amendment rights, and (2) the state court has carefully and thoroughly analyzed the facts, and (3) applied the proper constitutional case law to the facts. *See Weber v. Murphy*, 15 F.3d 691, 694 (7th Cir. 1994). Davis had a full and fair opportunity to litigate this Fourth Amendment claim at trial and in his direct appeal. The claim is not now available for review in federal habeas.

The remaining claims in the habeas petition were not properly preserved in the Indiana state courts for federal review. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"), *cert. denied,* 508 U.S. 962 (1993). Davis concedes this point, but argues that he can show cause and prejudice for this default based on the deficient performance of counsel. Although ineffective assistance rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), attorney ineffectiveness can supply "cause" for that purpose only if it has been separately asserted in the state courts. *Pisciotti v. Washington,* 143 F.3d 296, 300 (7th Cir. 1998). Davis' efforts to obtain review of the defaulted claims through the back door of asserted ineffective assistance of counsel are rejected to the extent that this was not done. Davis' argument concerning the merits of his claim of prosecutor misconduct is therefore outside the scope of review here.

### IV. Conclusion

This court has carefully reviewed the state record in light of Davis' claim and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Davis to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 09/08/2005

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana